**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EDWARD STARSKI, an individual,

    Plaintiff,

v.

CALIBER HOME LOANS, INC.,

    Defendant.

---

**DEFENDANT CALIBER HOME LOAN INC.'S NOTICE OF REMOVAL**

**[Complaint filed August 28, 2019, served August 29, 2019, and Removed from the District Court, El Paso County, Colorado - Case No. 2019CV0278]**

To:    THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, and D.C.COLO.LCivR 81.1, Defendant, Caliber Home Loans, Inc. ("Caliber" or "Defendant"), by and through its counsel, Perkins Coie LLP, hereby removes this action to this Honorable Court from the District Court, El Paso County, Colorado. In support of this Notice of Removal, Caliber respectfully states the following:

**I.    SUMMARY OF STATE COURT ACTION**

Plaintiff, Edward Starski ("Plaintiff"), commenced this action pursuant to C.R.C.P. 8 by filing a Complaint and Civil Cover Sheet in the District Court, El Paso County, Colorado on August 28, 2019. The El Paso County District Court Clerk assigned the case no. 2019CV000278. Pursuant to 28 U.S.C. § 1446 and this Court's local rule, D.C.COLO.LCivR

81.1, Defendant has filed together with this Notice separate PDF copies of all process, pleadings and orders served upon Defendant in this action, including the Complaint and Summons.

In his Complaint, Plaintiff makes various allegations relating to the mortgage on the property located at 12614 Pyramid Peak Dr., Peyton, Colorado 80831. Complaint ¶ 4. Plaintiff alleges three claims for relief: (i) Breach of Contract, (ii) Violation of RESPA (12 U.S.C. § 2601, et seq.), and (iii) Violation of FDCPA (15 U.S.C. § 1692, et seq.). Complaint ¶¶ 30–50. Plaintiff's prayer for relief includes demands for (i) actual and compensatory damages; (ii) statutory damages; (iii) pre-judgment and post judgment interest; (iv) costs; and (v) such other relief as the Court determines is just and proper.

Plaintiff's Complaint included a written demand for trial by jury of all issues so triable.

## II. TIMELINESS OF REMOVAL

Plaintiff's service of the Summons and Complaint on Defendant was effective on August 29, 2019. This Notice of Removal is timely because it is filed within thirty days of service of the Summons and Complaint as required by 28 U.S.C. § 1446(b).

## III. FEDERAL JURISDICTION AND GROUNDS FOR REMOVAL

This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

Pursuant to 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's second and third claims for relief are based on alleged violations of federal statutes, RESPA (12 U.S.C. § 2601, et seq.) and FDCPA (15 U.S.C. § 1692, et seq.). Complaint ¶¶ 34-50. Thus, this Court has jurisdiction over Plaintiffs' second and third claims for relief.

Pursuant to 28 U.S.C. § 1367, this Court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "A claim is part of the same case or controversy if it 'derive[s] from a common nucleus of operative fact.'" *Price v. Wolford*, 608 F.3d 698, 702–03 (10th Cir. 2010) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)). Like his claims based on RESPA and FDCPA, Plaintiff's first claim for relief, Breach of Contract, relates to the mortgage on the property located at 12614 Pyramid Peak Dr., Peyton, Colorado 80831 and, in particular, the deed of trust related to that property. As a result, Plaintiff's claim for Breach of Contract and his claims based on RESPA and FDCPA arise from a common nucleus of operative fact, and the Court has supplemental jurisdiction over Plaintiff's Breach of Contract claim.

Pursuant to 28 U.S.C. 1332, this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." This is known as diversity jurisdiction. In this case, as discussed below, diversity jurisdiction exists.

The Complaint alleges that Plaintiff is a resident of the State of Colorado. Complaint ¶¶ 4, 9, 21.

The Complaint alleges that Defendant Caliber is a foreign corporation registered under the laws of the State of Delaware. Complaint ¶ 7. Defendant asserts that it is a corporation incorporated under the laws of the state of Delaware with its principal place of business in the State of Texas.

Accordingly, the diversity of citizenship requirement is met.

Second, pursuant to 28 U.S.C. § 1446(c)(2), where removal is sought on the basis of section 1332(a), the sum demanded "in the initial pleading shall be deemed to be the amount in controversy."

Here, although Colorado "State practice … does not permit demand for a specific sum" in the Complaint, under C.R.C.P. 8, each initial pleading "shall be accompanied by a completed Civil Cover Sheet […] ." Here, the Civil Cover Sheet filed as part of the initial pleading in State court indicates that the amount sought by Plaintiff exceeds the jurisdictional amount of $75,000. In the Civil Cover Sheet, Plaintiff represented to the State Court that Plaintiff "is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification." *See* State Court Civil Cover Sheet, attached hereto as <u>Exhibit A</u>; *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) (holding that a state civil cover sheet indicating a judgment over $100,000 is sought was sufficient to satisfy amount in controversy).

Accordingly, in addition to federal question jurisdiction, diversity jurisdiction also exists in this case.

### IV.   VENUE

Venue lies in this Court because the action was originally brought in the District Court, El Paso County, Colorado. The United States District Court for the District of Colorado is the district court of the United States for the district and division "embracing the place where [the state court] action is pending" and is therefore the proper federal court for removal. 28 U.S.C. § 1441(a).

## V. NOTICE TO PLAINTIFF AND COMPLIANCE WITH STATUTORY REQUIREMENTS

Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, written notice of this filing will be served on Plaintiff. In addition, Defendant will promptly serve on Plaintiff and file with the District Court, El Paso County, Colorado, a Notice of Removal to Federal Court.

Further, in compliance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings and orders filed in this case and accessible in the files of the District Court, El Paso County, Colorado are being filed herewith.

Defendant is unaware of any other defendant having been named or served with the Complaint in this action. Accordingly, all named Defendants join in the removal of this action to Federal Court.

## VI. RESERVATION OF RIGHTS

By filing this Notice of Removal, Defendant does not waive its right either to answer the Complaint and/or assert any claims, defenses or other motions including, but not limited to, Rule 12 motions as may be permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Defendant requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the District Court, El Paso County, Colorado, and that this Court make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED this 19th day of September, 2019    Respectfully submitted,

**PERKINS COIE LLP**

By: *s/ Daniel Graham*
    Daniel Graham, #45185
    DGraham@perkinscoie.com
    1900 Sixteenth Street, Suite 1400
    Denver, CO  80202-5255
    Telephone:  303.291.2300
    Facsimile:  303.291.2400

Attorneys for Defendant
CALIBER HOME LOANS, INC.

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served on Plaintiff by mailing the foregoing to the following address:

>Edward Starski, Esq.
>12614 Pyramid Peak Drive
>Peyton, Colorado 80831

*s/ Daniel Graham*
Daniel Graham